**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 23 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE MORALES ZAVALETA, AKA Gildardo Morales, AKA Jose Gildar Morales-Zavalet, AKA Jose G. Moraleszavelta, AKA Tomas Olivares, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No.  17-72447 <br><br> Agency No. A205-719-277 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 21, 2019[**]

Before: THOMAS, Chief Judge, FRIEDLAND and BENNETT, Circuit Judges.

Jose Morales Zavaleta, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's ("IJ") denial of his applications for cancellation of removal

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and voluntary departure. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law and constitutional claims. *Khan v. Holder*, 584 F.3d 773, 776 (9th Cir. 2009). We review for abuse of discretion the denial of a continuance. *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the agency's discretionary determination that Morales Zavaleta failed to show exceptional and extremely unusual hardship to his qualifying relatives, and Morales Zavaleta's hardship contentions are not colorable claims that invoke our jurisdiction. *See Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012) (absent a colorable legal or constitutional claim, the court lacks jurisdiction to review the agency's discretionary determination regarding hardship); *Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005) ("To be colorable in this context, . . . the claim must have some possible validity." (citation and internal quotation marks omitted)).

The agency did not abuse its discretion or violate due process in denying Morales Zavaleta's request for a continuance where he did not demonstrate good cause. *See Ahmed*, 569 F.3d at 1012 (listing factors to consider); *Singh v. Holder*, 638 F.3d 1264, 1274 (9th Cir. 2011) ("[T]he IJ [is] not required to grant a continuance based on . . . speculations."); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000).

17-72447

We reject as unsupported Morales Zavaleta's contention that the IJ's conduct violated his due process rights and deprived him of a full and fair hearing. *See Almaghzar v. Gonzales*, 457 F.3d 915, 922 (9th Cir. 2006) (petitioner "had ample opportunity to present his case, and the record as a whole does not suggest that the IJ did not conduct the hearing with an open mind").

We lack jurisdiction to review the agency's discretionary denial of voluntary departure, and Morales Zavaleta's related due process contention is not a colorable claim that invokes our jurisdiction. *See Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 (9th Cir. 2013) (the court's jurisdiction over challenges to the denial of voluntary departure is limited to constitutional claims or questions of law); *Martinez-Rosas*, 424 F.3d at 930.

We reject Morales Zavaleta's contention that remand is warranted under *Pereira v. Sessions*, 138 S. Ct. 2105 (2018). *See Karingithi v. Whitaker*, 913 F.3d 1158, 1160-62 (9th Cir. 2019) (initial notice to appear need not include time and date information to vest jurisdiction in the immigration court).

The government's motion (Docket Entry No. 25) to strike Morales Zavaleta's September 12, 2018, filing (Docket Entry No. 24) is granted.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**